UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLIFTON BADEAUX | CIVIL ACTION NO. 2:19-cv-13427 |
| VERSUS | SECTION: "R" (3) |
| EYMARD BROTHERS TOWING COMPANY, INC., AMERICAN RIVER TRANSPORTATION CO., LLC and ARCHER-DANIELS-MIDLAND COMPANY | JUDGE VANCE<br>MAGISTRATE: DOUGLAS<br>Designated as Rule 9(h) |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO STRIKE EXPERT REPORT AND OPINIONS OF ROBERT BORISON**

NOW INTO COURT, through undersigned counsel, come Defendants, American River Transportation Co., LLC ("ARTCO") and Archer-Daniels-Midland Company ("ADM") who move to strike the expert report or limit expert opinions of Robert Borison on the basis that his opinions are not reliable, contain impermissible legal conclusions, and will not be helpful for the trier of fact.

## I. Factual Background

This matter arises out of Mr. Badeaux's slip and fall accident that occurred on January 3, 2019 while Mr. Badeaux was stepping off ARTCO's spar barge AB 227 B to board the vessel for which he was captain, the M/V PEARL C. EYMARD. The M/V PEARL C. EYMARD is a tugboat owned and operated by Eymard Bros. Towing, Co., Inc. At the time of his accident, Mr. Badeaux was employed by Eymard, not ARTCO nor ADM. Mr. Badeaux was using ARTCO's spar barge as a means to crew change.

Mr. Badeaux retained Robert Borison as his liability expert who provided a report attached herein as "Exhibit 1." In his report, Mr. Borison opines that ARTCO failed to provide Mr. Badeaux with a safe means of ingress/egress as the non-skid coating on the spar barge had greatly

deteriorated and the remaining non-skid was insufficient. *See* "Exhibit 1." In forming this opinion, Mr. Borison relied on photographs of the non-skid provided by marine surveyor, Kyle Smith. *See* "Exhibit 1." The photographs taken by Kyle Smith accompanied his April 6, 2020 survey of the spar barge, which took place fifteen months after the subject accident. *See* "Exhibit 2," Given this delay, the photographs do not reflect the condition of the non-skid at the time of the accident. Robert Borison's report does not account for how the condition of the non-skid could have changed in the intervening fifteen-month period.

## II. Law and Argument

### 1. *Daubert* Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Fed.R.Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469, 480 (1993). Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The United States Supreme Court's decision in *Daubert* provides the "analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir.2002). This rule applies not only to testimony based on scientific knowledge, but also to testimony of engineers and other experts that is based on

technical or specialized knowledge. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The rule requires the trial court to act as a "gate-keeper," ensuring that any scientific or technical expert testimony is not only relevant, but also reliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Robert Borison's report and testimony should be excluded under Rule 702 and *Daubert* because his analysis regarding the subject non-skid is not reliable and his opinions and expertise will not be helpful to the trier of fact in a slip and fall case.

2. **Robert Borison's Report and Opinions Will Not Assist the Trier of Fact**

Robert Borison's report and opinions should be excluded because his conclusions relate to issues within the common knowledge and competency of this Court. The Fifth Circuit has determined that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." P*eters v. Five Star Marine Service*, 898 F.2d 448, 450 (5th Cir.1990).

In *Bouton v. Kim Susan Inc*., 1997 WL 61450, *2-3 (E.D.La.), the plaintiff fell while unloading pipe. His expert provided a report opining on whether the employer provided a clean, safe workplace and whether the employer violated federal regulations and safety manual requirements. *Id*. The defendant moved to strike this expert, arguing that "the fact finder need only use good common-sense judgment to make a determination on liability in this slip and fall case. *Id.* The court, agreeing with the defendant, held that "[t]here is simply no expertise required for the opinions [the expert] offers. *Id*. at *2. The court concluded that the expert's testimony is simply not helpful to the trier of fact and the expert was excluded under Rule 702. *Id*.

In *Matherne v. MISR Shipping Co*., 1991 WL 99426, *1 (E.D.La.) the plaintiff was injured when he fell to the deck while attempting to board a vessel. His liability expert gave opinions

regarding conditions of vessel and safety of ingress and egress when plaintiff fell. *Id*. The court excluded the expert's testimony, finding that the jury is "competent to determine such liability issues and a 'safety expert' would not assist the jury in making such a determination." *Id*. The court found that "scientific, technical or specialized testimony would not assist the jury in reaching a decision on the vessel's liability in a routine "fall on a vessel" case...." *Id.* This case is no different.

This is a slip and fall case wholly within the Court's knowledge and competency. This case does not involve specialized marine equipment, procedures, terminology, or customs. Rather, this is a case involving alleged slippery surfaces and a resulting fall. Rule 702 requires that an expert's findings must assist the trier of fact, but with facts like these, this Court is equipped to make determinations on liability absent expert testimony. "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (*quoting* Fed. R. Evid. 702 advisory committee's note). This Court is fully equipped to exercise its common sense to evaluate liability in this case.

Robert Borison was recently excluded in this Court for these exact reasons in another slip and fall case: *Tercero v. Oceaneering International, Inc.*, 2018 WL 2100637, (E.D. La. 2018) (The Court held that "the facts of this straightforward slip-and-fall case are well within the domain of common sense matters for which the jury requires no expert assistance. Nothing in Borison's report requires expertise to comprehend. Borison's opinions and testimony, therefore, would not be helpful to the trier of fact." at *4). The present case is no different. Experts are not necessary nor

helpful for simple slip and fall cases. As such, Robert Borison's report and testimony should be excluded.

**3. Robert Borison's Analysis of the Non-Skid is Not Reliable**

*i) Reliance on Dated Photographs*

Rule 702 fundamentally requires the expert testimony to be *reliable*. The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert,* 509 U.S. at 592-93. Robert Borison never inspected the barge at any time, nor did he rely on the inspection of any other professional who timely inspected the barge. Robert Borison's report indicates he relied on photographs of the non-skid that were attached to Kyle Smith's April 6, 2020 survey of the spar barge to conclude that the non-skid was insufficient. *See* "Exhibit 1." However, this survey took place fifteen months after the accident. *See* "Exhibit 2."

Robert Borison's opinions are based upon facts gathered over a year after the accident, without accounting for how conditions might have changed in the intervening time. His opinions pertaining to the condition of the non-skid based on his review of dated photographs are unreliable. *See LeBoeuf v. K-Mart Corp*., 888 F.2d 330, 333 (5th Cir. 1989) (exclusion of expert testimony based on inspection of store premises two years after accident); *Bailey v. Stanley Access Techs., Inc*., 2015 WL 6828921, at *10 (N.D. Miss. Nov. 6, 2015) (excluding expert testimony based on inspection 18 months after accident because "it's what was happening at the time of the accident that counts"); *cf. Kim v. Crocs, Inc*., 2019 WL 923879, at *4 n.4 (D. Haw. Feb. 25, 2019) ("One of the primary inquiries when there is a gap in time between an accident and inspection is whether there was a change in the condition of the subject premises."). Because Robert Borison's opinions are based on dated photographs which do not represent the condition of the barge at the time of the accident, his opinions are unreliable and must be excluded under Rule 702 and *Daubert*.

*ii) Reliance on Disputed Facts*

Robert Borison's report is also unreliable in that it relies on controverted evidence. Jacob Vega, the first person to arrive upon Mr. Badeaux after he fell, testified that Mr. Badeaux reported that he slipped after stepping onto a kevel to board the PEARL.[1] Mr. Badeaux conversely reports his foot slipped on the steel deck of the barge itself,[2] but admits use of the kevel to board the vessel would be unsafe.[3] If the former is true, then Mr. Borison's opinions pertaining to the non-skid on the deck, improper deck grating, and maintenance of the deck are no longer reliable because the condition of the deck would not be a cause for the accident. If Mr. Badeaux did haphazardly step onto a kevel to board the PEARL, then Robert Borison's report is not reliable.

**4. Robert Borison's Report Makes Impermissible Legal Conclusions**

*i) Inapplicable OSHA Regulations*

Expert testimony that offers a legal opinion is inadmissible. *Estate of Sowell v. United States of America*, 198 F.3d 169, 171 (5th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997). Robert Borison's report states that ARTCO failed to provide Mr. Badeaux with a safe means of ingress and egress and cites several OSHA regulations pertaining to slippery conditions on walking surfaces. *See* "Exhibit 1." The OSHA regulations cited pertain generally to walking and working surfaces; however, OSHA has no specific rule or regulation requiring barge decks to be painted or to have non-skid. Furthermore, OSHA regulations are generally inapplicable to third parties like Mr. Badeaux, so their application in this case is impermissible.

OSHA does not affect "common law or statutory rights, duties, or liabilities." 29 U.S.C. § 653(b)(4). OSHA regulations do not create a civil cause of action against either a plaintiff's

---

[1] *See* "Exhibit 3", Deposition of Jacob Vega at p. 30.
[2] *See* "Exhibit 4", Deposition of Clifton Badeaux at p. 25.
[3] *Id.* at p. 167.

employer or a third party who is not the plaintiff's employer. *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 709 (5th Cir. 1981); *Barrera v. E.I. duPont de Nemours & Co.*, 653 F.2d 915, 920 (5th Cir. 1981). Though regulations promulgated under OSHA can provide evidence of standard of care exacted of employers, and evidence of general standard of care due employees, they established no standard of care due third persons. Occupational Safety and Health Act of 1970, §§ 2–33, 29 U.S.C.A. §§ 651–678; *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 710 (5th Cir. 1981). Mr. Badeaux is not ADM or ARTCO's employee and OSHA therefore provides no standard of care owed. The OSHA regulations cited by Robert Borison are inapplicable to third parties/ non employers who choose to use ARTCO's barge to perform crew change on their vessels. Any suggestion by Robert Borison that these OSHA regulations apply to the present case constitutes an impermissible legal conclusion which is inadmissible.

*ii) Inapplicable Duty to Provide Safe Ingress and Egress*

It is well settled that a vessel owner, here Eymard, has a "fundamental duty" to provide *its* crew members with a reasonably safe means of boarding and departing from the vessel. *Massey v. Williams–McWilliams, Inc.*, 414 F.2d 675, 679 (5th Cir.1969), cert. denied, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970). Eymard owed plaintiff these nondelegable duties whereas ARTCO and ADM did not.

The charter did not specify a location for crew change. Further, ARTCO and ADM did not require Mr. Badeaux or any Eymard personnel to crew change at the spar barge in question. Eymard's owner, Gary Eymard, testified that Eymard had been using the ARTCO spar barge as a means for crew change for the last twenty years,[4] but it is ultimately the Eymard captain who

---

[4] *See* "Exhibit 5," Deposition of Gary Eymard, at p. 26.

decides when and where to crew change.[5] Mr. Eymard also testified that in those twenty years using ARTCO's spar barge, they never had any problems with crew change.[6]

Despite this, Robert Borison impermissibly concludes in his report that ARTCO failed to provide Mr. Badeaux with a safe ingress and egress. *See* "Exhibit 1." Such a duty rests solely with Eymard. Robert Borison's assertion that ARTCO failed to provide a safe means of ingress implies an incorrect statement of the law. As such, his opinion on legal duties is inadmissible.

## III. Conclusion

For the reasons stated herein, ARTCO and ADM pray that this Court strike the expert report and expert opinions of Robert Borison on the basis that his opinions are not reliable, contain impermissible legal conclusions, and will not be helpful for the trier of fact.

Respectfully submitted:

SALLEY HITE MERCER & RESOR, LLC

*/s/ Austin S. Glascoe*

DAVID M. FLOTTE (#1364)
MARCELLE P. MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
AUSTIN S. GLASCOE (#38236)
MORGAN E. KELLEY (#38299)
365 Canal Street, Suite 1710
New Orleans, LA 70130
Tel.: (504) 566-8800
Fax: (504) 566-8828
dflotte@shmrlaw.com
mmouledoux@shmrlaw.com
kfrey@shmrlaw.com
aglascoe@shmrlaw.com
mkelley@shmrlaw.com

*Counsel for Defendant, American River Transportation Co., LLC and Archer-Daniels-Midland Company*

[5] *Id.*
[6] *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2021, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/Austin S. Glascoe*
AUSTIN S. GLASCOE