**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CLIFTON BADEAUX** | * | **CIVIL ACTION** |
| | * | |
| | * | **No. 19-13427-SSV-DMD** |
| **VERSUS** | * | |
| | * | **JUDGE:  Sarah S. Vance** |
| | * | |
| **EYMARD BROTHERS TOWING COMPANY, INC.,** | * | **MAG. JUDGE:  Dana M. Douglas** |
| **AMERICAN RIVER TRANSPORTATION CO., LLC** | * | |
| **and ARCHER-DANIELS-MIDLAND COMPANY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**EYMARD BROTHERS TOWING COMPANY, INC.'S
OPPOSITION TO MOTION TO EXCLUDE OR, ALTERNATIVELY,
LIMIT THE REPORT AND OPINIONS OF CAPT. RONALD L. CAMPANA**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes Eymard Brothers Towing Company, Inc. ("Eymard"), and respectfully submits this Memorandum in Opposition to Plaintiff's Motion to Exclude or, Alternatively, Limit the Report and Opinions of Capt. Ronald L. Campana, R. Doc. 66.  Captain Campana is a qualified expert.  His opinions are based on his review of the evidence combined with his education, training, and experience as a mate and master of vessels, marine surveyor, certified ISM Maritime Safety Auditor, and a safety professional in the marine industry.  Captain Campana's opinions are relevant and will assist the trier of fact in understanding the facts at issue and in determining the cause of Plaintiff's accident.  Eymard implores this Court to deny Plaintiff's motion.

Accordingly, with Plaintiff providing no valid basis for the exclusion of Captain Campana's testimony from evidence, Eymard urges this Honorable Court to deny Plaintiff's Motion to Exclude or, Alternatively, Limit the Report and Opinions of Capt. Ronald L. Campana at his cost and prejudice.

**LAW AND ARGUMENT**

Plaintiff's claim that "[t]his is a simple slip and fall case concerning the duty of the employer to provide safe ingress to the vessel and the duty of the dock owner to provide a safe dock"[1] oversimplifies the issues in this case. Plaintiff's contention ignores the fact that Captain Campana's report and opinions are based upon his more than 40 years of experience and specialized knowledge in maritime safety. Captain Campana considers the issues relating to maritime safety and procedures, safe boarding practices, the industry standard for walking surfaces aboard spar barges, the expected knowledge and responsibilities of a vessel captain concerning wearing proper personal protective equipment, including steel tow, low quarter oil resistant sole shoes, safe work practices, open and obvious conditions, situational awareness, stop work authority and determination of whether operations should be stopped due to a perceived unsafe condition. The maritime industry standards and safety procedures at issue, in this case, are not within the common, everyday knowledge of the average layperson as Plaintiff contends. For example, the significance of invoking Stop Work Authority may not be self-evident to a lay fact-finder. Captain Campana's testimony will provide assistance to the fact-finder in understanding the evidence and analyzing the facts. This contention by Plaintiff ignores the applicable safety rules and procedures that Plaintiff failed to adhere to, including his failure to exercise "Stop Work Authority".

Ironically, Plaintiff paints a different picture of this case and advocates that his maritime safety expert will assist the Court in his opposition to American River Transportation Co., LLC and Archer-Daniels-Midland Company's Motion to Strike Expert Report and Opinions of Robert Borison.[2] Plaintiff contends "while this case may appear to involve a simple fall, there is a great deal of contention surrounding the conditions of the walking surface Badeaux had to traverse to

---

[1] *See* R. Doc. 66-1, Page 1 (Plaintiff's Memorandum in Support of Plaintiff's Motion to Exclude or, Alternatively, Limit the Report and Opinions of Capt. Ronald L. Campana.)
[2] *See* R. Doc. 69 (Plaintiff's Memorandum in Opposition to Motion to Strike Expert Report and Opinions of Robert Borison).

2

board the PEARL C. EYMARD, including the maintenance of the area and who was responsible for ensuring that it was safe as a means of traversing the dock for boarding and disembarking the vessel."[3] Plaintiff further claims that "while the Court has extensive experience in maritime cases and, very likely, slip and fall cases in a maritime setting, not all slip and fall cases are simple ones within the common understander [sic] of every trier of fact."[4] Plaintiff undermines the position he has taken concerning Captain Campana's opinions further by contenting "a fall while boarding a vessel from a dock is not necessarily a simple matter within the common understanding of the finder of fact."[5]

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Federal Rule of Evidence 702 states: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the analytical framework to determine whether expert testimony (either scientific or non-scientific) is admissible under Federal Rule of Evidence 702. The *Daubert* framework requires trial courts to make a preliminary assessment of whether an expert is qualified, and whether the anticipated testimony is both reliable and relevant. *Kumho Tire Company v. Carmichael* 526 U. S. 137 (1999). Exclusion of expert testimony should only be ordered where the testimony fails to meet Rule 702's threshold standards. *Laship v. Hayward Baker*, NO. 11-0546 (E.D. La. October 25, 2013)("[t]he Court notes that its role as a gatekeeper

---

[3] *Id.* Page 2
[4] *Id.* Page 5
[5] *Id.* Page 7

does not replace the traditional adversary system.... and "[a] review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule") *quoting* Fed. R. Evid. 702 Advisory Committee's Note, "2000 Amendments." "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Wellogix, Inc., v. Accenture, L.L.P.*, 716 F.3d 867 (5th Cir. 2013) *quoting Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596-97 (1993).

The Fifth Circuit has held that a trial court's role as "gatekeeper" for purposes of expert testimony is "greatly diminished in bench trials" because the absence of a jury eliminates the risk of a trial being tainted through a jury's exposure to unreliable evidence. *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010) (*citing Gibbs. v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). Numerous Federal District Courts have held that in cases tried to the bench "the objectives of *Daubert* are no longer implicated." *See, e.g., Carter v. Hornbeck Offshore Transp., LLC*, No. 12-1545, 2014 WL 2898458, at *2 (E.D. La. June 26, 2014); *St. Joseph Abbey v. Castille*, No. 10-2717, 2011 WL 2182046, at *2 (E.D. La. June 3, 2011). And, "*Daubert* objections are rarely granted in bench trials." *Doe v. Vermilion Parish School Bd.*, No. 09-1565, 2010 WL 11565600, at *2 (W.D. La. Feb. 1, 2010). Indeed, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). Since this case is tried as a bench trial, the risk of exposing a jury to unreliable evidence is simply not present.

Contrary to Plaintiff's arguments, Captain Campana's report and opinions are based on his specialized knowledge, training, and experience as established by his expert report and incorporated Curriculum Vitae.[6] Plaintiff is not challenging the education, experience, training, knowledge of Captain Campana. Captain Campana has more than 40 years of experience in the

---

[6] See R. Doc. 66-2 (Exhibit A to Expert Report of Captain Campana). *See also* Curriculum Vitae of Captain Ronald L. Campana attached hereto as Exhibit 1.

4

maritime industry.[7] He is a graduate of the United States Merchant Marine Academy, Kings Point, NY.[8] He has held several captains' licenses including Master, Unlimited tonnage.[9] He has sailed in various capacities as an officer and master aboard US Flagged vessels.[10] As a deck officer, he was directly responsible for the training of the crew and supervision of all mandated safety and fire drills.[11] He has received training and certification as a marine surveyor and he is an ISM Maritime Safety Auditor.[12] His vast experience and detailed review of the case materials equipped him to analyze the data and opine about the various safety failures of Plaintiff that caused the accident, including his failure to exercise Stop Work Authority.[13] Captain Campana has been accepted as an expert witness in numerous state and federal courts, including the United States District Court for the Eastern District of Louisiana.[14]

Plaintiff's motion does not argue that Captain Campana's methodology is flawed. As outlined in his report, Captain Campana specifically states that his opinions are based on the following methodology:

> "I reviewed the available case documents and testimony regarding the alleged injruy that occurred on 3 January 2019. In evaluating the marine aspects of the incident, I reviewed the pertinent CFR's, US Laws, and Eymard Brothers Towing Company, Inc. procedures. I have been the mate and master of ocean-going tugs and supply vessels and have worked in the pertinent area of operation in his career. As a marine surveyor, I have been in this fleet many times in my career. I am a graduate of the United States Merchant Marine Academy, Kings Point, NY. I hold numerous marine licenses including Master, as detailed in my CV.

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

5

> The below findings are based upon the above, as well as my knowledge of vessels and the proper procedures for maintaining marine safety and security, determining the risk factors for jobs, and common sense for protecting life, limb, and property while at sea. Additionally, the below findings are made based on my experience on ships, oil field vessels, experience in the field of marine safety and operations, investigation and audit (as per my enclosed resume), and consultation with appropriate publications and governmental agencies.
>
> These findings are based upon a reasonable degree of professional certainty."[15]

Captain Campana evaluated 66 sources of information to formulate his expert opinion, including depositions of Plaintiff, depositions of fact witnesses, photographs of the accident, Plaintiff's Merchant Mariner Credential, records of Safety Meetings, Incident Reports, Initial Disclosures of the parties, and discovery responses of the parties.

After reviewing these materials, he applied his knowledge of the applicable regulations and standards and used his experience as a licensed Maritime Master and Independent Marine Consultant concerning safety issues, in the maritime industry to the facts of the case, and reached certain conclusions as to how and why the accident occurred, who was at fault and how this accident would have been prevented. This is the very nature of the job given to safety experts in personal injury litigation. Captain Campana uses the same methodology that has been upheld as reliable on multiple occasions in the Eastern District of Louisiana. *Compton v. Moncla Companies, LLC* 2020 WL 1638287 (E.D. La. 4/2/2020); *Breazeale v. Parking Drilling Company* 2016 WL 3365336 (E.D. La. 6/17/2016); *Arnaud v. Island Operating Co. Inc.* 2010 WL 9364452 (E.D. La. 3/11/2010).

Plaintiff clearly does not appreciate Captain Campana's conclusion that Plaintiff caused his own trip and fall accident, but this is not a basis for excluding his testimony from evidence. A

---

[15] *See* R. Doc. No. 66-2, Page 6 (Expert Report of Captain Ronald L. Campana).

proper reliability analysis of an expert's testimony must be focused solely on the principles and methodology the expert employed to reach the opinions and conclusion offered, and not the conclusions themselves. *Daubert*, 509 U.S. at 595; *Padgett v Fieldwood Energy, LLC*, 2020 WL 1492836 (W.D. La. 3/26/20). Plaintiff's motion is lacking in that it provides no analysis of Captain Campana's principles and methodology. The fact that Plaintiff does not agree with the facts relied upon by Captain Campana does not render his opinions irrelevant or unreliable. Merely disagreeing with the facts that an expert relied on is not grounds for exclusion. *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (*quoting Paz v. Brush Engineered Materials, Inc.*, 482 F.3d 383, 389 (5th Cir. 2009)). Any challenges related to the basis of his opinions are best suited for cross-examination. Plaintiff fails to provide any analysis under Federal Rules of Evidence 702 as to why Captain Campana's expert report and expert opinions should not be allowed into evidence, and therefore Plaintiff's motion is baseless, and should be denied.

Captain does not make credibility determinations of the various witnesses, but he does apply his knowledge and experience of these types of operations to the evidence developed in discovery in this litigation. The trier of fact makes the final determination of which witness is more credible, but the reliance on witness testimony is not an inappropriate or incorrect methodology. Plaintiff's criticism stems from his disagreement with Eymard's marine safety expert's conclusions rather than any flaw in his methology.

## **CONCLUSION**

Captain Campana is highly qualified and his testimony and opinions will provide significant assistance to the trier of fact in understanding the issues at trial.

**WHEREFORE**, for the foregoing reasons, Eymard Brothers Towing Company, Inc. prays that this Honorable Court deny Plaintiff's Memorandum in Support of Plaintiff's Motion to Exclude or, Alternatively, Limit the Report and Opinions of Capt. Ronald L. Campana.

Respectfully submitted,

**FRILOT L.L.C.**


*/s/ Lara N. DiCristina*
**PATRICK J. McSHANE (#19055)**
**LARA N. DiCRISTINA (#27585)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3700
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
pmcshane@frilot.com
ldicristina@frilot.com

***Counsel for Eymard Brothers Towing Company, Inc.***


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of October, 2021, I have filed a copy of the foregoing pleading through the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Lara N. DiCristina*