UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLIFTON BADEAUX | CIVIL ACTION |
| VERSUS | NO. 19-13427 |
| EYMARD BROTHERS TOWING COMPANY, INC., ET AL. | SECTION "R" (3) |

# ORDER AND REASONS

Before the Court is a motion to sever, filed by defendants and cross-claimants American River Transportation Company, LLC ("ARTCO") and Archer-Daniels-Midland Company ("ADM").[1]  ARTCO and ADM seek to sever their cross-claims for defense & indemnity and breach of contract[2] against defendant Eymard Brothers Towing Company ("Eymard").[3] Plaintiff Clifton Badeaux and defendant Eymard do not oppose the motion.

For the following reasons, the Court denies the motion.

---

[1]  R. Doc. 98.
[2]  R. Doc. 7 (ARTCO and ADM's Answer to Plaintiff's Complaint and Cross-Claim Against Eymard).
[3]  *See* R. Doc. 98-1.

I.  **BACKGROUND**

This case arises out of a slip-and-fall on a spar barge in Luling, Louisiana.[4] Plaintiff Clifton Badeaux was a captain of the M/V PEARL C. EYMARD, a vessel owned by defendant Eymard.[5] On January 3, 2019, plaintiff was in the process of stepping onto the vessel from an adjacent spar barge when he slipped and fell.[6] The spar barge was owned and operated by defendant ARTCO, a wholly owned subsidiary of defendant ADM.[7]

Eymard performed work for ADM/ARTCO pursuant to a Time Charter Agreement, which provided that Eymard would employ its vessel, the M/V PEARL C. EYMARD, "in the movement of barges primarily in the vicinity of [ADM's] export facility in Destrehan, Louisiana."[8] Under the Time Charter Agreement, Eymard was the "Owner," and ADM the "Charterer."[9] As part of the contract, Eymard was required to procure and maintain insurance on the vessel, including:

> Primary and excess protection and indemnity, . . . with limits of $2,000,000, deductible not to exceed $5,000 with "as owner of" clause or other such limiting clause deleted as to Charterer, its affiliates or related companies, with

---

[4]  R. Doc. 5 ¶ 2.
[5]  *Id.* ¶ 1.
[6]  *Id.* ¶¶ 4-5; R. Doc. 64-6 at 7 (Deposition of Clifton Badeaux).
[7]  R. Doc. 5 ¶¶ 2-3; R. Doc. 29 ¶ 3.
[8]  R. Doc. 98-2 at 1.
[9]  *Id.*

> contractual coverage to cover the obligation of Owner to Charterer under this Agreement.[10]

This section also provides that "[a]ll policies shall include Charterer, and its affiliated or related companies, as an additional assured and will contain a waiver of subrogation in their favor."[11] It further requires that "[a]ll policies set out above are considered primary to any other insurance that Charterer, [its] affiliated or related companies, have or may have."[12]

In addition to the insurance requirements, the Time Charter Agreement contains a Hold Harmless & Indemnity provision, which states that:

> Owner agrees and binds itself to protect, defend, indemnify and hold harmless Charterer, its affiliated or related companies, their employees, agents, underwriters and insurers, from and against any claim, demand, suit, loss or liability, for damages, personal injury or death, to all persons and/or third parties and to property arising out of or in any way connected with the operation of Owner's Vessel and/or the performance of this contract, and/or the negligence of Owner's officers or employees, whether such death, personal injury or property damage is caused by the fault or negligence in whole or in part of Charterer or the sole fault or negligence of Charterer or by the unseaworthiness of any vessel.[13]

---

10  *Id.* at 5.
11  *Id.*
12  *Id.*
13  *Id.* at 6.

3

On November 5, 2019, Badeaux filed suit against Eymard, ARTCO, and ADM.[14] On December 17, 2019, ARTCO and ADM filed cross-claims against Eymard, alleging that Eymard breached its contract with ADM, "to the extent Eymard has failed to procure the insurance required in . . . the [Time Charter] Agreement."[15] They further allege that Eymard "has failed to assume the defense of ARTCO and ADM," and seek "full contribution and indemnity" against Eymard.[16]

On December 9, 2020, ADM and ARTCO filed a third-party complaint against Stratford Insurance Company ("Stratford"), the protection & indemnity ("P&I") insurer of Eymard, seeking a declaratory judgment that Stratford's policy covered ADM and ARTCO for liabilities arising out of plaintiff's accident.[17] On October 25, 2021, the Court ruled that Stratford's policy covered plaintiff's accident as to ADM and ARTCO.[18]

The Stratford policy has a P&I limit of $1,000,000 per accident.[19] ADM and ARTCO assert that the Time Charter Agreement required Eymard to secure $2,000,000 of coverage.[20] ADM and ARTCO represent that they

---

| | |
|---|---|
| 14 | R. Doc. 1; *see also* R. Doc. 5 (Amended Complaint). |
| 15 | R. Doc. 7 at 5 ¶ 8. |
| 16 | *Id.* at 6 ¶ 10. |
| 17 | R. Doc. 29. |
| 18 | R. Doc. 80. |
| 19 | R. Doc. 61-3 at 4. |
| 20 | *See* R. Doc. 98-2 at 5. |

4

have received no correspondence from Eymard's excess insurer, Ascot Underwriting, Inc. ("Ascot"), and that the issue of excess coverage is not resolved.[21]

This matter is set for a bench trial to begin on Monday, November 8, 2021, less than a week from the date of this order.[22] ADM and ARTCO seek to sever their cross-claims against Eymard, and have the Court consider these issues at a later date.[23]

## II.   DISCUSSION

Rule 21 of the Federal Rules of Civil Procedure provides that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. "The trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

As an initial matter, the Court notes that ADM/ARTCO's motion is ambiguous as to whether it seeks to sever only the breach-of-contract claim, or both claims filed against Eymard on December 17, 2019. The motion raises arguments pertaining only to the claim of breach of contract for failure to procure insurance. But ADM/ARTCO fashion their request as a motion to

---

[21]   R. Doc. 98-1 at 3.
[22]   R. Doc. 36 at 4.
[23]   R. Doc. 98-1 at 1.

"*sever their Cross Claim against Eymard*,"[24] and the cross-claim as filed contains claims for both breach of contract[25] and defense and indemnity.[26] In the interest of clarity, the Court considers the prospect of severance as to both claims.

As to the defense-and-indemnity claim, the Court discerns no indication that this issue is not ready for trial or otherwise requires severance. As stated, ADM and ARTCO's motion addresses only their breach-of-contract claim, and does not provide any reasons why their defense & indemnity claim should be severed. The Court therefore declines to sever ADM/ARTCO's defense & indemnity claim against Eymard.

The Court will also not sever the breach-of-contract claim. ADM and ARTCO filed their cross-claims against Eymard nearly two years ago. The parties have had ample time to resolve this issue or otherwise prepare it for trial. And while ADM and ARTCO represent that they have received no correspondence from Ascot, they do not say when Ascot was contacted, or offer a reasonable explanation why the issue of excess coverage was not developed in two years of litigation. There has been no motion practice on the issue of excess coverage, nor has any party attempted to name Ascot as a

---

[24] *Id.* at 1 (emphasis added).
[25] R. Doc. 7 at 5 ¶ 8.
[26] *Id.* at 5 ¶ 6, 6 ¶ 10.

6

third-party defendant.27  In sum, no party has shown that it ever sought to make real progress as to the question of Ascot's coverage.  And ADM and ARTCO's suggestion that the question of excess coverage is somehow new or surprising is unconvincing.  The parties have known all along that the Stratford policy has a limit of $1,000,000 per accident, and that the Time Charter Agreement requires a $2,000,000 limit.  ADM/ARTCO and Eymard therefore knew that this breach-of-contract claim would remain unresolved, irrespective of whether Stratford's policy provided coverage for ADM/ARTCO.  Now, on the eve of trial, ADM and ARTCO seek to prolong this litigation and punt their years-old claim farther down the road.  In the interest of avoiding a piecemeal trial that invites delay and further procrastination, the Court denies the request to sever this claim.

For these reasons, the motion to sever is DENIED.  The Court will consider the parties' proposed findings of fact and conclusions of law as to (i) whether Eymard owes defense and indemnity to ADM/ARTCO under the Time Charter Agreement, and (ii) whether Eymard is in breach of the Time Charter Agreement for failure to procure insurance.

---

27   ADM and ARTCO could very well have filed a third-party complaint against Ascot, as they did against Stratford.  *See* R. Doc. 29.  They provide no explanation as to why they did not do so.

7

It is further ORDERED that the parties shall jointly notify the Court as to which, if any, of their evidentiary objections are withdrawn in light of this order. The parties shall file this joint notice via CM/ECF by **3:30 p.m.** on **Wednesday, November 3, 2021**.

New Orleans, Louisiana, this __3rd__ day of November, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE