UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLIFTON BADEAUX                                   CIVIL ACTION

VERSUS                                                NO. 19-13427

EYMARD BROTHERS TOWING                  SECTION "R" (3)
COMPANY, INC., ET AL.


## ORDER AND REASONS

Before the Court is a pretrial evidentiary objection by defendants American River Transportation Company, LLC ("ARTCO") and Archer-Daniels-Midland Company ("ADM").[1]  ARTCO and ADM contend that a supervisor's report regarding plaintiff Clifton Badeaux's accident is inadmissible at trial.  Plaintiff argues that the objection should be overruled.[2] For the following reasons, the Court sustains the objection in part, and overrules the objection in part.

---

[1]    R. Doc. 89.  The parties raised objections to other exhibits in their pretrial submissions.  *See* R. Doc. 95 (addressing objections to Exhibits E-1, A-1, A-2, A-3, and A-4); R. Doc. 99 (objecting to A-1, A-3, and A-4, and to Exhibit P-2 if Dr. Peter Liechty does not testify at trial).  But those objections have been either withdrawn, *see* R. Doc. 113 at 1 (withdrawing objections to Exhibits E-1 and A-2); R. Doc. 115 (withdrawing objections to Exhibits A-1, A-3, and A-4), or rendered moot by anticipated trial testimony, *see* R. Doc. 94 at 1 (indicating that Dr. Liechty will testify live at trial); R. Doc. 106 (return of service for Dr. Liechty's trial subpoena).

[2]    R. Doc. 113.

# I.   BACKGROUND

This case arises out of a slip-and-fall on a spar barge in Luling, Louisiana.[3]  Plaintiff Clifton Badeaux was a captain of the M/V PEARL C. EYMARD, a vessel owned by defendant Eymard Brothers Towing Company ("Eymard").[4]  On January 3, 2019, plaintiff was in the process of stepping onto the vessel from an adjacent spar barge when he slipped and fell.[5]  The spar barge was owned and operated by defendant ARTCO, a wholly owned subsidiary of defendant ADM.[6]  On November 5, 2019, Badeaux filed suit against Eymard, ARTCO, and ADM.[7]  This matter is set for a bench trial to begin on Monday, November 8, 2021.[8]

Defendants ARTCO and ADM object to the admission of a "Supervisor's Accident Investigation Report" (the "Accident Report" or the "Report"), a one-page document prepared by Eymard's Operations and Safety Manager, Gary Lerille.[9]  The Accident Report appears on the first page of three of plaintiff's trial exhibits: P-1, P-3, and P-4.

---

[3]   R. Doc. 5 ¶ 2.
[4]   *Id.* ¶ 1.
[5]   *Id.* ¶¶ 4-5.
[6]   *Id.* ¶¶ 2-3; R. Doc. 29 ¶ 3.
[7]   R. Doc. 1; *see also* R. Doc. 5 (Amended Complaint).
[8]   R. Doc. 36 at 4.
[9]   *See* R. Doc. 89-1; *see also* R. Doc. 89-2 at 7 (Deposition of Gary J. Lerille).

ARTCO and ADM contend that, if Mr. Lerille does not testify at trial, the Accident Report constitutes inadmissible hearsay under Federal Rule of Evidence 801.[10]  They further argue that, even if Mr. Lerille testifies, the Accident Report should be excluded because his opinions in the Report do not meet the standards for lay-witness opinion testimony under Federal Rule of Evidence 701, and that his testimony is not based on personal knowledge, as required by Federal Rule of Evidence 602.[11]

Plaintiff Clifton Badeaux contends that the Accident Report is admissible.[12]  He asserts that Mr. Lerille will testify at trial, but that even if he did not, the document fits an exception to the hearsay rule, as a record of a regularly conducted activity, under Federal Rule of Evidence 803(6).[13]  He further asserts that Mr. Lerille satisfies the lay-witness and personal-knowledge criteria of Rules 701 and 602.[14]

---

[10]     R. Doc. 89 at 1.

[11]     *Id.* at 1, 3-4.

[12]     R. Doc. 113.

[13]     *Id.* at 1-2.

[14]     *Id.* at 2-4.

## II.   DISCUSSION

As an initial matter, the Court must determine whether the Accident Report constitutes inadmissible hearsay.  Plaintiff contends that the Report meets the business-records exception under Rule 803(6) of the Federal Rules of Evidence.  This exception provides that a "record of an act, event, condition, opinion, or diagnosis" is *not* excluded by the rule against hearsay if:

> (A)   the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B)   the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C)   making the record was a regular practice of that activity;
>
> (D)   all these conditions are shown by the testimony of the custodian or another qualified witness, or by . . . certification . . . ; and
>
> (E)   the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The Court finds that these criteria are met.  Lerille testified that he filled out the Report in his capacity as Eymard's safety manager.[15]  The information in the Report is based on Lerille's visit to the accident scene,

---

[15]   R. Doc. 113-1 at 19 (Deposition of Gary J. Lerille).

photographs that he took,[16] and on his conversations with plaintiff at the hospital,[17] the ambulance driver,[18] and Keith Haydel, Sr., the Eymard employee with whom plaintiff was doing a crew change.[19]  Lerille prepared the report shortly after the accident based on "information transmitted by . . . someone with knowledge, *i.e.*, Badeaux.  Fed. R. Evid. 803(6)(A). Further, there is no dispute that the record was kept "in the course of a regularly conducted activity of a business," and was "a regular practice of that activity."  Fed. R. Evid. 803(6)(B)-(C).  Further, there is no indication that the "method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. Evid. 803(6)(E).  The Court therefore finds that, pending proper certification at trial, the Accident Report prepared by Gary Lerille satisfies the 803(6) exception to the rule against hearsay.  *See Basil v. Dow Chem. Co.*, No. 19-04, 2020 WL 19 1964155, at *5-6 (E.D. La. Apr. 23, 2020) (admitting, under Rule 803(6), a company's accident report prepared by a representative of the company's emergency services and security

---

[16]    R. Doc. 89-2 at 13-14 (Deposition of Gary J. Lerille) ("I looked at the picture in my phone the next day while I was filling out this form, and I noticed in my phone that the differential was where I was at was painted yellow, and where he was was not yellow.")

[17]    R. Doc. 113-1 at 22-24 (Deposition of Gary J. Lerille).

[18]    R. Doc. 89-2 at 8-9 (Deposition of Gary J. Lerille).

[19]    *Id.*

department, following an accident involving a pothole in the parking lot, because there had been no indication that the report was untrustworthy).

Even having decided that the Report is admissible as a hearsay exception, the Court must separately consider its contents, which ADM/ARTCO asserts contains lay opinion testimony.  Federal Rule of Evidence 701 governs the admissibility of lay-witness opinions.  The Rule provides that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a)   *rationally based on the perception of the witness*;
>
> (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c)   not based on scientific, technical, or other specialized knowledge.

Fed. R. Evid. 701 (emphasis added).

The Court finds that certain portions of the Accident Report amount to "testimony in the form of an opinion" by Mr. Lerille, and are therefore governed by Rule 701.  Specifically, the Report requires the supervisor to explain "[w]hat environmental factors (unsafe conditions) contributed to the accident," "[w]hat behavioral factors (unsafe acts) contributed to the accident," and "[w]hat corrective actions can be taken to prevent

recurrence."[20]  Lerille's responses include his opinions that plaintiff's fall was caused by slippery conditions and the lack of non-skid coating on the deck, and that he will recommend the addition of more non-skid surfaces.[21]  The Court therefore finds that Lerille offers lay opinions in the Accident Report as to what caused plaintiff's slip-and-fall.  No party contends that Mr. Lerille is testifying as an expert under Rule 702.  Therefore, Lerille's lay "testimony in the form of an opinion" is admissible only if it satisfies Rule 701.

The Court concludes that Lerille's opinion testimony as to the cause of plaintiff's fall does not satisfy the Rule's criterion that the lay opinion be "rationally based on the perception of the witness."  Fed. R. Evid. 701(a). Lerille did not witness plaintiff's fall.  His opinion as to the cause of the fall is therefore not based on his personal perception of the event.  This is significant here, because there are contested issues of fact as to how and where plaintiff's fall actually occurred.  And Lerille's after-the-fact visit to the scene did not involve a physical inspection of the site of the fall.  Lerille testified that he spent thirty minutes at the ARTCO fleet where the accident happened, and did not "spend any of that time investigating the conditions of the deck or the dock."[22]  He took photographs of the scene, but did not "go

---

[20]     R. Doc. 89-1 at 1.

[21]     *Id.*

[22]     R. Doc. 89-2 at 10 (Deposition of Gary J. Lerille).

and specifically take a photo of the spot where [plaintiff] slipped,"[23] nor did he "personally observe the area and the walking surface that night."[24]

For these reasons, Lerille's opinion testimony is not "rationally based on [his] perception." Fed. R. Evid. 701(a). His lay opinion that the slippery dock and the lack of non-skid caused plaintiff's fall is not derived from anything he personally perceived. *See Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1193 (3d Cir. 1995) (noting that Rule 701 "contemplates admission of lay opinions rationally *based on personal knowledge* so as to be helpful to the trier of fact" (emphasis added)). Accordingly, these portions of the Accident Report are inadmissible under Rule 701.

The parties may not cite or rely on the information in the Report, starting from "What environmental factors (unsafe conditions) contributed to the accident?" down to "I will recommend to ARTCO to add non-skid." The remainder of the Report contains basic factual information, such as the date, time, and address of the accident. This information does not constitute lay opinion testimony, and does not otherwise warrant exclusion.

---

[23] *Id.* at 15. Lerille testified that the closest he ever got to the plaintiff before plaintiff was taken to the hospital was approximately twenty feet away. *Id.* at 22.

[24] *Id.* at 21-22.

### III.   CONCLUSION

For the foregoing reasons, ADM/ARTCO's objection to the Supervisor's Accident Investigation Report, as depicted on the first page of Exhibits P-1, P-3, and P-4, is SUSTAINED in part.  No party shall not rely on the Accident Report's opinion testimony by Gary Lerille, as defined above. The objection is OVERRULED as to the non-opinion portions of the Report.

New Orleans, Louisiana, this __5th__ day of November, 2021.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

9